(No. 3341—

G. A. WOLFORD, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 14, 1939.*

ROSCOE C. BONJEAN, for claimant.

JOHN E. CASSIDY, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

It appears from the record in this case that on or about August 1st, 1938, one J. L. Todd, Superintendent of Maintenance of the Division of Highways of the Department of Public Works and Buildings of the respondent, entered into an agreement with the claimant whereby the latter agreed to furnish a team of mules, a driver, and a mower, and cut the weeds along the right-of-way of S. B. I. Route No. 10, near the city limits of Springfield, in Sangamon County; that on August 18th, 1938, while a certain servant and agent of the claimant was cutting weeds on a steep bank on said right-of-way, pursuant to the aforementioned agreement, the mower

ran into and struck the lower part of the right leg of one of the mules, whereby such mule was seriously and permanently injured, and claimant asks damages in the amount of $125.00 on account thereof.

The claimant has waived his right to file a Brief and Argument, and it is impossible for the court to determine upon what grounds he relies for recovery. The mules were being driven by a servant and agent of the claimant, and there is nothing in the record to indicate that the injury sustained by the mule in question was the result of any negligence on the part of any servant or agent of the respondent. Furthermore, this court has repeatedly held that there is no liability on the part of the State on the grounds of respondeat superior.

A similar state of facts was presented in each of the following cases, and in each case an award was denied, to-wit: *Baie* vs. *State,* 9 C. C. R. 103; *Caslyn* vs. *State,* 9 C. C. R. 107; *Hupp* vs. *State,* No. 3227, decided September 14th, 1938.

Under the facts in this case, there would be no liability on the part of the State if the State were suable, and therefore we have no authority to allow an award. *Crabtree* vs. *State,* 7 C. C. R. 207; *Titone* vs. *State,* 9 C. C. R. 389.

Award denied. Case dismissed.